# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Brent A. Burke,**

        **Plaintiff,**

v.                                                                        **Case No. 15-3245-JWL**

**Erica Nelson,**

        **Defendant.**

## MEMORANDUM & ORDER

Brent A. Burke, a federal prisoner convicted by military court-martial and appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. In that petition, Mr. Burke raises two claims—that his Fifth Amendment rights were violated because he was not advised of his *Miranda* rights or his Article 31(b) rights[1] prior to questioning by police officers and that he was not subject to court-martial jurisdiction at the time charges were preferred against him. After the government filed its response to the petition, Mr. Burke filed a motion to supplement his petition to include two ineffective-assistance-of-counsel claims. The court then vacated Mr. Burke's traverse deadline and set deadlines for a response and reply concerning Mr. Burke's motion to supplement. That motion is now ripe and, as will be explained, the court denies Mr. Burke's motion to supplement his petition.

A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. § 2242. The court, then, looks to Rule 15 of the Federal Rules of Civil Procedure to resolve Mr. Burke's motion. *See Carter v. Bigelow*, 787 F.3d 1269, 1280 (10th

---

[1] Article 31 of the Uniform Code of Military Justice is the military's equivalent to the *Miranda* rights advisement. *See* 10 U.S.C. § 831(b).

Cir. 2015). While a district court should freely grant leave to amend when justice so requires, a district court may deny a motion to amend due to, among other reasons, futility of the amendment. *United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009). In this case, the addition of the new claims asserted in the proposed supplemental petition is futile because those claims would necessarily be subject to dismissal with prejudice.

Before seeking collateral review in the civilian system, a military prisoner must exhaust all available military remedies. *Banks v. United States*, 431 Fed. Appx. 755, 757 (10th Cir. 2011) (citing *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975)). The "failure to exhaust available military remedies on any claim generally requires a civilian court to dismiss without prejudice the petition in its entirety; until the petitioner takes advantage of all modes of relief available in the military system, civilian review must await another day." *Id*. (citations omitted). Complementing this exhaustion requirement is the doctrine of procedural default or, as the Circuit has sometimes described it, waiver. *See id*. This doctrine can operate to bar a military prisoner from ever raising a claim in a civilian court that he once could have presented to military officials but no longer may. *Id*. (citing *Lips v. Commandant*, 997 F.2d 808, 812 (10th Cir. 1993); *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003)).

The government contends in its response that Mr. Burke never presented his proposed ineffective-assistance claims to the military courts, despite pursuing his case through the Army Court of Criminal Appeals and the Court of Appeals for the Armed Forces. Mr. Burke has not filed a reply to the response and, thus, does not contest this point. Because Mr. Burke never presented these claims in the military courts, the claims are waived. Moreover, because the record demonstrates no cause for or prejudice from the procedural default, this court cannot

review those claims on the merits and they must be dismissed with prejudice. *See Lips*, 997 F.2d at 812.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Burke's motion to supplement his petition for writ of habeas corpus (doc. 14) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Burke shall file his traverse to the government's response to his habeas petition on or before Friday, **July 22, 2016**.

**IT IS SO ORDERED.**

Dated this __22__ day of June, 2016, at Kansas City, Kansas.

                                                   s/John W. Lungstrum
                                                   John W. Lungstrum
                                                   United States District Judge