# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Brent A. Burke,**

        **Plaintiff,**

v.                                                             **Case No. 15-3245-JWL**

**Erica Nelson,**

        **Defendant.**

## **MEMORANDUM & ORDER**

Brent A. Burke, a federal prisoner convicted by military court-martial and appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. After the government filed its response to the petition, Mr. Burke filed a motion to supplement his petition to include two ineffective-assistance-of-counsel claims. The court then vacated Mr. Burke's traverse deadline and set deadlines for a response and reply concerning Mr. Burke's motion to supplement. Thereafter, the court denied Mr. Burke's motion to supplement his petition and reset Mr. Burke's traverse deadline for July 22, 2016.

On July 7, 2016, the court received a filing from Mr. Burke in which he stated that he had mailed his traverse on June 14, 2016 and, thus, did not understand why the court ordered him to file the traverse on or before July 22, 2016. The court then issued an order explaining that the court had not received the traverse that Mr. Burke had apparently mailed in June and that the government had also not received the traverse. The court, then, provided Mr. Burke another opportunity to file the traverse so that the court could consider it before resolving the government's response to the petition.

Mr. Burke has now filed a document in which he seeks to prove that he mailed the traverse in June as he had previously asserted.  The court has no reason to doubt that Mr. Burke mailed the traverse as he asserts.  But, for whatever reason, no traverse has been received by the court, the Clerk's office, or the government.  While the court appreciates any frustration on the part of Mr. Burke (to the extent he suggests he does not have a copy of the traverse and would need to rewrite it), Mr. Burke should either "refile" the traverse or simply rely on his petition, which he certainly is entitled to do.  Thus, the court will provide Mr. Burke with one final opportunity to file a traverse by September 6, 2016.  If no traverse is filed, the court will address the petition on the record before it.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Burke shall file any traverse to the government's response to his habeas petition on or before **Tuesday, September 6, 2016**.

**IT IS SO ORDERED.**

Dated this 10th day of August, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge