IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Brent A. Burke,**

        **Petitioner,**

v.                                       **Case No. 15-3245-JWL**

**Erica Nelson,**

        **Respondent.**

## MEMORANDUM & ORDER

Brent A. Burke, a federal prisoner convicted by military court-martial and appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. In that petition, Mr. Burke raises two claims—that he was not subject to court-martial jurisdiction at the time charges were preferred against him and that his Fifth Amendment rights were violated because he was not advised of his *Miranda* rights or his Article 31(b) rights[1] prior to questioning by police officers. As explained below, the petition is denied.

A federal district court's review of court-martial proceedings is limited generally to jurisdictional issues and to a determination of whether the military gave full and fair consideration to each of the petitioner's constitutional claims. *See Fricke v. Secretary of Navy*, 509 F.3d 1287, 1290 (10th Cir. 2007). A district court's review of jurisdictional issues is independent of the military courts' consideration of such issues. *See id*. With respect to constitutional claims, an issue receives full and fair consideration if it has been briefed and

---

[1] Article 31 of the Uniform Code of Military Justice is the military's equivalent to the *Miranda* rights advisement. *See* 10 U.S.C. § 831(b).

argued, even if the military court summarily disposes of the matter. *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986).

The proper exercise of court-martial jurisdiction over an offense turns on one factor—the military status of the accused. *Williams v. Weathersbee*, 280 Fed. Appx. 684, 686 (10th Cir. 2008) (quoting *Solorio v. United States*, 483 U.S. 435, 439 (1987)). Mr. Burke contends that the military lacked jurisdiction over him at the time charges were preferred against him on July 8, 2011 because his military term of service expired on May 25, 2011. The record reflects, however, that Mr. Burke was never discharged by the Army and there is no provision for an "automatic" discharge upon the expiration of an enlistment term. *See Fricke*, 509 F.3d at 1290 (discharge does not occur until, among other things, discharge certificate or certificate of release is ready for delivery). Thus, even assuming that Mr. Burke's term of service was scheduled to expire on May 25, 2011, the military undisputedly had jurisdiction over him on July 8, 2011. *See id.* (court-martial jurisdiction continues until the service member is discharged; mere expiration of a term of enlistment does not terminate court-martial jurisdiction); 10 U.S.C. § 802(a)(1) (all servicemen, including those awaiting discharge after expiration of their terms of enlistment, are subject to the Code of Military Justice).

With respect to petitioner's Fifth Amendment claim, the record reveals that the military fully and fairly considered this claim. Mr. Burke raised this claim during his court-martial and both parties fully briefed that issue in connection with a motion to suppress before the military trial judge. In a written opinion, the trial judge denied the Fifth Amendment claim on the grounds that Mr. Burke was never in custody during questioning for purposes of *Miranda* and that a rights advisement under Article 31(b) was not required because the military did not

question Mr. Burke on the day in question and the Kentucky State Police had not merged with the military nor acted as an instrument of the military during questioning on that day. Mr. Burke raised this issue on appeal to the Army Court of Criminal Appeals (ACCA) and the issue was extensively briefed and argued. The ACCA expressly considered the issue and rejected it. Mr. Burke raised the issue again in his application for review to the Court of Appeals for the Armed Forces (CAAF). The CAAF considered the petition and denied it. Mr. Burke does not contest that the military fully and fairly considered his claim. Accordingly, this claim must be denied. *See Templar v. Harrison*, 298 Fed. Appx. 763, 765 (10th Cir. Oct. 30, 2008) (district court must deny relief on claim that has already received full and fair consideration by the military; district court may not re-evaluate evidence).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Burke's petition for writ of habeas corpus is denied.

**IT IS SO ORDERED.**

Dated this 14th day of September, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge